Tremayne Durham, Plaintiff, Pro Se
#647007/S.B.I. 0S01613467
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TREMAYNE DURHAM,<br>    Plaintiff,<br><br>v.<br><br>JOHN or JANE DOES, (1-7)<br>Senior Correctional Officers<br><br>S. PATTERSON,<br>Sergeant<br><br>AMY EMRICH,<br>Assistant Superintendent<br><br>D. CHAVIS<br>Senior Correctional Officer<br><br>J. PIERCE<br>Senior Correctional Office<br><br>  Defendants. | CIVIL ACTION No.: _____ |

## INTRODUCTION

COMES NOW, Tremayne Durham, Plaintiff, Pro Se, in the above matter, and beseeches this honorable Court to treat this instant cause liberally, and afford it the principles of a pro se litigant as established by the U.S. Supreme Court in Haines v. Kerner, 404 U.S. 519, 92, S.Ct. 594, 30 L.Ed. 2d. 652, and Estelle v. Gamble, 429 U.S. 106.

## COMPLAINT

Tremayne Durham, Plaintiff, Pro Se, allege and complains against Defendants John or Jane Doe (1-7) S. Patterson, Amy. Emrich, D. Chavis, and J. Pierce as follows:

## JURISDICTION AND VENUE

1. This is a 1983 action brought to redress the deprivation under the Civil Rights Act enacted by Congress to redress the deprivation under color of state law and Constitution of the United States. 42 U.S.C. § 1983. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343 (a) (3). Jurisdiction over Plaintiff's claims for declaratory relief can be found at 28 U.S.C. § 2201 and 2202. Jurisdiction over Plaintiff's claims for injunctive relief can be found at 28 U.S.C. § 2283 and § 2284, and Rule 65 of the Federal Rules of Civil Procedure.

## PREVIOUSLY DISMISSED ACTION

2. Plaintiff has not had an action or appeal dismissed on three or more prior occasions on the grounds that the action or appeal was frivolous, malicious, or failed to state a claim upon which relief may be granted.

## PARTIES

3. Plaintiff, TREMAYNE DURHAM, is an Oregon State prisoner, convicted and sentenced by the State of Oregon, and is confined as an out of state prisoner pursuant to the Out of State Compact Agreement Act (hereafter I.C.A.) with the New Jersey Department of Corrections at New Jersey State Prison P.O. Box 861, Trenton, NJ 08625. (hereafter NJSP) At all times relevant to this complaint defendants were acting under color of state law. Plaintiff is a citizen of the United States.

4. Defendant, JOHN or JANE DOE (1-7) is a senior correctional officer at New Jersey State Prison (hereafter NJSP) during the violations complained of by Plaintiff. Defendant John or Jane Doe carries out his/her official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Doe, at the time, was responsible for processing legal mail in a consistent manner with the governing rules as defined in 10 A: 18-3, 4 (a)(e), state laws, and the constitution of the U.S., as well as enforcing the same.

Defendant Doe is being sued in his/her individual and official capacity.

5. Defendant, S. Patterson was a Sergeant during the violations complained of by Plaintiff. Defendant Patterson carries out his official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Patterson, to the best of Plaintiff's knowledge is the prison mailroom sergeant. Defendant Patterson to the best of plaintiff's knowledge is responsible for enforcing rules, policies, procedures, operating practices, and has the supervisory authority at NJSP to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10A: 18-3, 4 (a) (e), state laws, and Constitution of the United States as well as enforcing the same. Defendant Patterson has supervisory authority over defendants Doe (1), Doe (2), Doe (3), Chavis, and Doe (4), to correct their behavior if it does not comport with NJAC 10A: 18-3, 4 (a) (e), U.S. Constitution and/or state law. Defendant Patterson is being sued in his individual and official capacity.

6. Defendant, A. EMRICH, is the Assistant Superintendent at New Jersey State Prison (hereafter NJSP) during the violations complained of by Plaintiff. Defendant Emrich carries out her official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant

3

Emrich, at the time, was responsible for implementing rules, policy procedures, operating practices, and has supervisory authority to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10 A: 18-3, 4 (a)(e), state laws, and the constitution of the U.S., as well as enforcing the same. Defendant Emrich has supervisory authority over defendants Doe (1) Doe (2), S. Patterson, Chavis, Doe (4) J. Pierce to correct their behavior if the behavior is not in compliance with NJAC 10 A: 18-3, 4 (a)(e), state law, or the constitution of the United States. Defendant Emrich is being sued in her individual and official capacity.

7. Defendant, D. CHAVIS is a Senior Correctional Officer, during the violations complained of by Plaintiff. Defendant Davis carries out his official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Chavis, to the best of Plaintiff's knowledge works as a west compound officer. Defendant Chavis responsibility is to enforce the prison's rules, policies, and operating procedures which includes, but not limited to, delivering legal mail in a consistent manner in compliance with NJAC 10 A: 18-3,4 (a)(e), sate laws, and the constitution of the United States. Defendant Davis is being sued in his individual and official capacity.

4

8. Defendant, J. Pierce is a Senior Correctional Officer, during the violations complained of by Plaintiff. Defendant Pierce carries out his official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Pierce, to the best of Plaintiff's knowledge was working as a west compound officer. Defendant Pierce responsibility is to enforce the prison's rules, policies, and operating procedures which includes, but not limited to, delivering legal mail in a consistent manner in compliance with NJAC 10 A: 18-3,4 (a)(e), state laws, and the Constitution of the United States. Defendant Pierce is being sued in his individual and official capacity.

## FACTS

9. On 10/31/19, plaintiff received clearly marked legal mail from the United States District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe. (2) (SEE: Exhibit A)

10. On 10/31/19, plaintiff filed an inquiry grievance to stop this practice. Defendant Patterson responded by saying "legal mail is only opened if not clearly marked legal mail." (SEE: Exhibit A1). Plaintiff's legal mail was clearly identified as coming from the United States District court.

11. On 12/22/19, plaintiff appealed defendant's Patterson response to his inquiry, and there was no response. (SEE: Exhibit A2)

12. On 12/16/19,, plaintiff received clearly marked legal mail from the United States District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibit A3)

13. On 12/18/19, plaintiff filed an inquiry grievance to stop this practice. Defendant Patterson responded by saying "At times, legal mail is not clearly marked, comes in damaged, and human error can occur." (SEE: Exhibit A4). Plaintiff's legal mail was clearly identified as coming from the United States District court. The mail was not damaged, and this was second time plaintiff's legal mail was opened.

14. On 12/24/19, plaintiff received clearly marked legal mail from the United States District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer Jane or John Doe, (4). (SEE: Exhibit A5)

15. On 12/25/19, plaintiff filed an inquiry grievance to stop this practice. Defendont Patterson responded by saying "At

6

times, legal mail is not clearly marked, comes in damaged, and human error can occur." (SEE: Exhibit A6). Plaintiff's legal mail was clearly identified as coming from the United States District court. The mail was not damaged, and this was third time plaintiff's legal mail was opened.

16. On 1/9/20, plaintiff filed a grievance appealing defendant Patterson's response to his inquiry to stop this practice of plaintiff's legal mail being opened. (Exhibit A7₿) Defendant Emrich responded Defendant Patterson's response was an adequate answer. (SEE: Exhibit A7₵, Referencing NJSP19041166)

17. On 1/13/20, plaintiff received clearly marked legal mail from the Office of the Corrections Ombudsman. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibits A9 and A10)

18. On 1/23/20, plaintiff received two pieces of clearly marked legal mail from the United States District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibits

B1, B2 B3') Plaintiff signed his initials along exhibit B2, noting that his legal mail was opened.

19. On 1/27/20, plaintiff received clearly marked legal mail from the United States Court of Appeals. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibit B6) Plaintiff signed his initials along exhibit B6 noting that his legal mail was opened.

20. On 1/28/20, plaintiff received clearly marked legal mail from the Department of Treasury. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibit B7) Plaintiff signed his initials along exhibit B7 noting that his legal mail was opened.

21. On 1/28/20, plaintiff received clearly marked legal mail from the United States District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibit B6)

8

Plaintiff signed his initials along exhibit B8 noting that his legal mail was opened.

22. On 1/29/20, plaintiff received clearly marked legal mail from the ACLU. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer D. Chavis. (SEE: Exhibit B9) Plaintiff signed his initials along the exhibit noting that his legal mail was opened.

23. On 1/29/20, plaintiff received clearly marked legal mail from the Office of the Ombudsman. (SEE: Exhibit B10-11). This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer Jane or John Doe, (2). (SEE: Exhibit B11) Plaintiff signed his initials along exhibit B12 noting that his legal mail was opened.

24. On 2/4/20, plaintiff received clearly marked legal mail from the U.S. Court of Appeals. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C) Plaintiff signed his initials along exhibit C noting that his legal mail was opened.

25. On 2/5/20, plaintiff received clearly marked legal mail from the U.S. Bankruptcy Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C4) Plaintiff signed his initials along exhibit C3 noting that his legal mail was opened.

26. On 2/7/20, plaintiff received clearly marked legal mail from the Grodberg law firm. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C7) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

27. On 2/10/20, plaintiff received clearly marked legal mail from William D. Ware. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C8)) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

28. On 2/10/20, plaintiff received clearly marked legal mail from Supreme Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or

consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C9)) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

29. On 2/10/20, plaintiff received clearly marked legal mail from the Wolf law firm. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit C-10)) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

30. On 2/10/20, plaintiff received four (4) clearly marked pieces of legal mail from U.S. District Court D1, TED D2, D3, Supreme Court of New Jersey D4. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (1) and delivered by traffic control officer John or Jane Doe, (2) (SEE: Exhibit D?)) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

31. On 2/18/20, plaintiff received clearly marked legal mail from the U.S. District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John

or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4) (SEE: Exhibit E5 to E-2) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

32. On 2/18/20, plaintiff received clearly marked legal mail from the Ombudsman's Office. (SEE: Exhibit E6) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4) (SEE: Exhibit E7) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

33. On 2/19/20, plaintiff received clearly marked legal mail from the U.S. District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibit F) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

34. On 2/19/20, plaintiff received clearly marked legal mail from the Broome County Supreme Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given

12

therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibit F1) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

35. On 2/19/20, plaintiff received clearly marked legal mail from the B. B. Comerford, Esq. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibit F2) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

36. On 2/19/20, plaintiff received clearly marked legal mail from the U.S. District Court. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibit F3) ;F3(a) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

37. On 2/19/20, plaintiff received clearly marked legal mail from J. Domurad. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or

13

consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibits F4 & F5) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

38. On 2/19/20, plaintiff received clearly marked legal mail from Superior Court of New Jersey. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibits F6 & F7) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

39. On 2/20/20, plaintiff received clearly marked legal mail from the United States District. This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John Doe, (5) (FORD, No first initial is given therefore identified as John Doe) and delivered by traffic control officer John or Jane Doe, (6) (SEE: Exhibits G1 & G2) Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

40. On 2/25/20, plaintiff received clearly marked legal mail from Appellate Division. (SEE: Exhibit G5) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4). Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

41. On 2/25/20, plaintiff received clearly marked legal mail from Supreme Court. (SEE: Exhibit G6) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4). Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

42. On 2/26/20, plaintiff received clearly marked legal mail from the U.S. District Court. (SEE: Exhibits G7 & G8) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4). Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

43. On 3/4/20, plaintiff received clearly marked legal mail from the ACLU. (SEE: Exhibits H-4 & G8) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by John or Jane Doe, (3) and delivered by traffic control officer John or Jane Doe, (4). Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

44. On 3/9/20, plaintiff received clearly marked legal mail from the Southern Poverty Law Center. (SEE: Exhibit H-7) This legal mail was delivered and opened outside of plaintiff's presence without his knowledge or consent. This clearly marked legal mail was processed by J. Pierce, (3) and delivered by traffic control officer John or Jane Doe, (6)and issued by John or Jane Doe (7). Plaintiff signed his initials along with the exhibit noting that his legal mail was opened.

45. Prior to filing this complaint about the practices, acts, and failure to act, which resulted in plaintiff's First Amendment Right being violated, when it is well established Law that defendants could not violate plaintiff's rights. Defendants knew or should have known that their actions described above were in direct violation of well-established Court decisions designed to protect plaintiff's rights under the Constitution of the United States.

46. Defendants actions as set forth in the Complaint and paragraphs above demonstrates defendants arbitrarily, capriciously, maliciously, and intentionally infringement upon plaintiff's right with reckless disregard for the consequences of their actions and/or inactions.

47. Plaintiff have exhausted all applicable available administrative grievances pursuant to 42 U.S.C. § 1991 (e.)(SEE: Exhibits A1 A2, A4-A6, A7, A8.)

48. Plaintiff's reassert 9, through 47, and states defendants practices, acts, and failure to act, are in violation of clearly established law known or should have been known to defendants divesting them of any shield of qualified immunity.

### CAUSE OF ACTION I

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

49. Plaintiff repeats and alleges paragraphs 12, through 55, if same has been set forth herein.

50. Defendants John or Jane Does 1-7, S. Patterson, A. Emrich, D. Chavis, and J. Pierce (hereafter State Defendants) each had personal knowledge and/or acquiescene by their practices, acts, and failure to act arbitrarily, capriciously, and intentionally engaged in unlawful actions which were reckless which resulted in plaintiff's first amendment rights being violated.

**PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at Law to redress the wrongs set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, and practices and failure to act by the defendants as alleged herein, unless plaintiff is granted the injunctive relief he requests he seeks.

WHEREFORE: Plaintiff requests that this Court grant the following relief:

A. Adjudge and declare defendants actions as set forth in the complaint paragraphs above demonstrates they arbitrarily, capriciously, maliciously, and intentionally deprived plaintiff of his First Amendment Rights under the Constitution of the United states by authorized actions with reckless disregard for the consequences of their actions. Consequently, plaintiff is entitled to an award for compensatory damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter defendants from continuing such practices.

B. Adjudge and declare defendants actions as set forth in the complaint paragraphs above demonstrates they arbitrarily, capriciously, maliciously, and intentionally deprived plaintiff of his First Amendment Rights under the Constitution of the United states by authorized action with reckless disregard for

the consequences of their actions. Consequently, plaintiff is entitled to an award for punitive damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter defendants from continuing such practices.

C. permanent injunction ordering defendants their agents, official employees, and any and all persons acting in concert with them under color of state law to take all necessary actions to: (1) Correcting the violations herein this complaint by immediately stopping the practice and interfering with prisoner's legal mail as complained of in the complaint, and any other amenities this Court deems just and fair.

D. Appoint of Counsel,

E. Order a Jury Trial,

F. Grant such other relief as the Court deems just and equitable.

DATED: 7-27-2020

Respectfully submitted,

*[signature]*
TREMAYNE DURHAM #647007
S.B.I. 00S1613467
NEW JERSEY STATE PRISON
P.O. BOX 861
TRENTON, NJ 08625

19